[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10203

Non-Argument Calendar

_____

DIONTE JERMAINE DAVIS,

Plaintiff-Appellant,

*versus*

TIFFANI S. KNOX,
Assistant Warden,
C. RUSSELL,
State Classification Officer,
TYLER WATSON,
Assistant Lieutenant,
RICHARD J. ANDREWS,
Classification Supervisor,
M.D. MASON,

2                    Opinion of the Court                    24-10203

Corrections Officer - Major, et al.,

                                                    Defendants-Appellees,

D. REED,
Corrections Officer, et al.,

                                                    Defendant.

———————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:23-cv-00298-MMH-LLL

———————————

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Dionte Davis appeals, *pro se*, from the district court's November 7, 2023 partial dismissal order. We issued a jurisdictional question asking whether the appeal is from a final and appealable order. None of the parties has responded.

This appeal is not taken from a final decision because the November 7 order dismissed only some of Davis's claims, and his case remains pending in the district court. *See* 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir.

2000) (explaining that we generally only have jurisdiction over appeals from final decisions of district courts that end the litigation on the merits).  Furthermore, the November 7 order is not immediately appealable under 28 U.S.C. § 1292(a)(1) as an order denying injunctive relief because Davis did not move for a preliminary injunction in the district court and has not argued on appeal that an immediate appeal is necessary to avoid irreparable harm.  *See* 28 U.S.C. § 1292(a)(1) (providing that we have jurisdiction to review district court orders refusing injunctions); *Citizens Concerned About Our Children v. School Bd.*, 193 F.3d 1285, 1289-90 (11th Cir. 1999) (explaining that an interlocutory order that dismisses claims requesting injunctive relief may be appealable under § 1292(a)(1) even though it "does not rule on a request for injunctive relief" because it "has the effect of denying" injunctive relief, but the appellant must show that the effective denial poses serious and possibly irreparable consequences without an immediate appeal); *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1290 (11th Cir. 2010) (dismissing appeal as to five counts that sought injunctive relief because plaintiffs never argued that irreparable harm may result from dismissal of those counts and never moved for a preliminary injunction).

Accordingly, this appeal is DISMISSED for lack of jurisdiction.  All pending motions are DENIED as moot.